**Econ Marketing Inc. v. Side II Associates Ltd.**

*Steven D. Gladstone,* for plaintiff.
*Marshall E. Anders,* for defendant.

MILLER, *J.,* December 10, 1992—This matter is currently before us on plaintiff's petition for protective order to strike the defendant's notice of taking depositions of Donald Klohn, president of the plaintiff corporation.

The central issue underlying the dispute between the parties involves the validity of a judgment entered by plaintiff, a Minnesota corporation, against the defendant in the state courts of Minnesota and subsequently transferred to the Commonwealth of Pennsylvania. Defendant has filed a petition to open or strike the judgment averring, in the alternative that Minnesota courts were without jurisdiction over the person of the defendant such as would have supported the entry of the challenged judgment in that state, or that the provisions of the Uniform Enforcement of Judgments Act were not adhered to, thereby, resulting in an invalid judgment on the dockets of this Commonwealth's official records.

In pursuit of the relief requested by way of the petition to open or strike the judgment, defendant gave notice of taking depositions, at the offices of defendant's counsel in Stroudsburg, Monroe County, Pennsylvania, to Donald Klohn, president of plaintiff corporation. The deposition was scheduled for August 11, 1992. Mr. Klohn is a resident of the state of Minnesota and objected to having to travel from Minnesota to Pennsylvania for the deposition. Plaintiff's counsel, therefore, petitioned this court for a protective order to strike the notice of deposition. A rule returnable was issued to which the defendant filed a timely answer. Following the submission of briefs by both parties, this court heard oral arguments on plaintiff's petition for a protective order on November 2, 1992. We are now ready to proceed.

In support of its motion for a protective order, plaintiff relies upon Pa.R.C.P. 4011 which provides as follows in pertinent part:

"Rule 4011. *Limitation of Scope of Discovery and Deposition—*

"No discovery or deposition shall be permitted which:

"(a) is sought in bad faith;

"(b) would cause unreasonable annoyance, embarrassment, oppression, burden or expense to the deponent or any person or party."

Plaintiff requests that we grant relief under Pa.R.C.P. 4012 dealing with protective orders which conveys upon us the following authority:

"Rule 4012. *Protective Orders—*

"(a) Upon motion by a party or by the person from whom discovery or deposition is sought, and for good cause shown, the court may make any order which justice requires to protect a party or person from unreasonable annoyance, embarrassment, oppression, burden or expense, including one or more of the following:

"(1) that the discovery or deposition shall be prohibited;

"(2) that the discovery or deposition shall be only on specified terms and conditions, including a designation of the time and place;

"(3) that the discovery or deposition shall be only by a method of discovery or deposition other than that selected by the party seeking discovery or deposition;

"(4) that certain matters shall not be inquired into;

"(5) that the scope of discovery or deposition shall be limited;

"(6) that discovery or deposition shall be conducted with no one present except persons designated by the court;

"(7) that a deposition shall be sealed and shall be opened only by order of the court;

"(8) that the parties simultaneously shall file specified documents or information enclosed in sealed envelopes to be opened as directed by the court;

"(9) that a trade secret or other confidential research, development or commercial information shall not be disclosed or be disclosed only in a designated way.

"If the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or person provide or permit discovery."

In general, courts of this Commonwealth have been cautious in their approach to motions for protective orders under Pa.R.C.P. 4012 so as not to act to forbid what would be proper discovery. *Dibble v. Simplex Industries Inc.*, 80 Lack. Jur. 62 (1979).

It is incumbent upon the party requesting the relief to show the necessity of a protective order. As Judge Lewis of the Court of Common Pleas of Luzerne County wrote:

"Inasmuch as there has been little judicial interpretation of these rules, we feel constrained to give weight to the commentary (of the drafters) indicating that a liberal construction is intended and that the judicial sanction of a

protective order should rarely be used. If we are not to create 'judicial legislation' therefore, persuasive reasons must be advanced on behalf of a protective order praying that the deposition shall not be taken." *Bealla v. Zuba,* 4 D.&C.2d 545, 548 (1955). See also *Ornsteen v. Bass,* 50 D.&C.3d 371 (1988).

With this in mind, we now turn to the particulars of plaintiff's motion for protective order.

In considering plaintiff's first contention, that is, that the discovery sought in this case is done so in bad faith, we note, first, that the term "bad faith" is not defined in the Pennsylvania Rules of Civil Procedure. However, it is reasonable to assume that the term was meant to address something other than the grounds covered in Pa.R.C.P. 4011's other subsections; otherwise, the term would be redundant and repetitive. 10 *Goodrich-Amram Standard Pennsylvania Practice* §4011(a): 1.1. The term "bad faith" has, therefore, taken on the connotation of addressing those situations in which the motives of the party seeking discovery are suspect and improper. *Ibid.* In the final analysis, the granting of relief under Pa.R.C.P. 4012 on the grounds that discovery is sought in bad faith is dependent upon the facts of the situation and must be resolved on a case-by-case basis. *Ibid.*

In the instant matter, we find that plaintiff has failed to particularize the bad faith characterization of the defendant's conduct such that we would be able to properly enter an order protecting plaintiff from the discovery sought. For that reason, we deny plaintiff's motion for a protective order under Pa.R.C.P. 4011(a); there has been no specific showing of bad faith on the part of defendant in requesting to take the deposition of Donald Klohn.

We reach the same conclusion with regard to plaintiff's claim, under Pa.R.C.P. 4011(b), that the deposition of

Mr. Klohn would cause "unreasonable annoyance, embarrassment, oppression, burden or expense to the deponent, or any person or party."

Pennsylvania courts have recognized that all discovery potentially involves some expense, annoyance or inconvenience; the determinative factor, therefore, in a request for a protective order under Pa.R.C.P. 4012 must be the degree of the unreasonableness of the expense, etc. *Simon v. Simon,* 6 D.&C.3d 196 (1977).

Plaintiff has provided us with no factual basis from which we can conclude that the conditions under which defendant proposes to depose Mr. Klohn would impose an unreasonable burden upon either the plaintiff corporation or Mr. Klohn himself. It has been held that the inevitable annoyance associated with a deposition or the fact that it is time-consuming and involves some expense to the deponent does not constitute a showing of unreasonableness under Pa.R.C.P. 4011(b) such that a court could justifiably grant a motion for a protective order. *Nardell v. Scranton-Spring Brook Water Service Co.,* 24 D.&C.2d 663 (1961).

In the case at bar, plaintiff has failed to shoulder the burden of convincing this court that the deposition of Mr. Klohn will cause the kind of unreasonable annoyance, etc. envisioned by the drafters of Pa.R.C.P. 4011(b). In fact, plaintiff has done little more than include boilerplate language in its motion.

We therefore, decline to enter a protective order of the nature requested by plaintiff which would entirely quash the notice of deposition involving Mr. Klohn. However, considering the distance which Mr. Klohn will be

required to travel in order to attend the deposition, we hereby require, pursuant to Pa.R.C.P. 4012(a)(2), that defendant shall pay for the reasonable expenses which will be incurred by Mr. Klohn (travel, food, lodging, etc.) in responding to defendant's notice of deposition. See also *Davis v. Pennzoil Co.,* 38 D.&C.2d 289 (1985). In the alternative, a representative of defendant may travel to Minnesota to depose Mr. Klohn at a convenient time and place.

## ORDER

And now, December 10, 1992, plaintiff's motion for a protective order to quash the notice of deposition of Donald Klohn is hereby denied. However, pursuant to authority conferred by Pa.R.C.P. 4012(a) and 4012(a)(2), defendant shall pay for the reasonable expenses incurred by Mr. Klohn in attending the deposition at the offices of defendant's counsel in Stroudsburg, Pennsylvania. If defendant is still desirous of deposing Mr. Klohn, it is hereby ordered that a notice of deposition shall be served upon Mr. Klohn within 20 days of the date of this order.